BAILEY *et al. v.* NEW YORK A. RY. CO.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. RAILROAD COMPANIES — AUTHORITY TO CONSTRUCT ROAD — PAYMENT OF SUBSCRIPTIONS.

Laws 1868, c. 842, authorizing defendant to build and operate a railway, provided a condition precedent that the company prove to the board of engineer commissioners that the full amount of capital stock had been subscribed in good faith, and 10 per cent. thereof paid in, or other financial arrangements made to insure the completion of the work, and for the issue by the board of a certificate to that effect. Two amendatory acts each modified the financial arrangements necessary to be proven, and a third provided that the work may be begun and continued when the board shall have certified that the company has made suitable and reliable financial arrangements. The company did not prove to the board that the full amount of stock had been subscribed in good faith, and 10 per cent. thereof paid in, nor that other financial arrangements had been made, etc., and the board did not make the certificate, etc. *Held,* that the company was not authorized to begin the construction of the road. Following *Astor* v. *Railway Co., ante,* 174.

2. CORPORATIONS—CORPORATE EXISTENCE—ESTOPPEL TO DENY.

The complaint averred that defendant "claims to be an existing corporation by virtue of and under the provisions of several statutes," which it enumerated. The original act authorized a corporation for the transmission of letters, packages, and merchandise by means of pneumatic tubes, not to exceed 54 inches interior diameter. One of the amendatory acts enumerated, authorized it to construct, maintain,

and operate a railway by means of tubes of enlarged diameter, etc. The complaint also averred that the corporation could not avail itself of the benefits of this act through its failure to construct the portions of the railway required by the act to be constructed within a specified time. *Held,* that, under these averments, plaintiffs could not, on demurrer to the complaint, avail themselves of the objection that the act had become inoperative by reason of the failure of the corporation to accept its provisions. Following *Astor* v. *Railway Co., ante,* 174.

3. CONSTITUTIONAL LAW—TITLES OF LAW—MORE THAN ONE SUBJECT IN TITLE.

An act entitled "An act to provide for the transmission of letters, packages, and merchandise in the cities of New York and Brooklyn, and across the North and East rivers, by means of pneumatic tubes to be constructed beneath the surface of the streets and public places in said cities, and under the waters of said rivers, " does not violate the prohibition of Const. art. 3, § 16, against embracing more than one subject, and that to be expressed in its title, in authorizing the formation of a corporation under the mining and manufacturing laws, in addition to providing for the construction of the tubes, and carrying on the business. Following *Astor* v. *Railway Co., ante,* 174.

4. SAME—SPECIAL PRIVILEGES—LEGISLATIVE GRANT.

Laws 1886, c. 312, amending the acts providing for incorporation of an underground railway company, is not, in so far as it may waive any forfeiture of the corporate rights of that company, arising from its failure to construct and put in operation the portions of its road by previous laws required to be constructed within specified times, a violation of the constitutional prohibition against granting the right to lay railroad tracks, and against granting to private corporations any special privilege, immunity, or franchise. Following *Astor* v. *Railway Co., ante,* 174.

Appeal from special term, New York county.

Action, by Nathaniel P. Bailey and others against the New York Arcade Railway Company, to enjoin the construction of defendant's under-ground railroad. A demurrer to the complaint having been sustained, plaintiffs appeal.

Argued before BRADY, P. J., and PATTERSON and DANIELS, JJ.

*A. P. & W. Mau,* for appellants. *Edward B. Thomas,* for respondent.

DANIELS, J. The appeal in this action presents the same objections and points as are raised in the case of *Astor* v. *Railway Co., ante,* 174. It requires no further examination for its disposition, but the same direction should be given concerning it that has already been given for the disposition of the other case. The judgment should be reversed, and judgment entered overruling the demurrer, with leave to the defendant to answer, on payment of costs of the demurrer and the costs of the appeal.